UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:14-CV-168-GNS

ROBERT F. LANIER, KATHY L. CHERRY,
ROSE M. GOUGH, and PATRICIA L. RENFROW                               PLAINTIFFS

v.

U.S. DEPARTMENT OF LABOR                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Robert F. Lanier ("Lanier"), Kathy L. Cherry ("Cherry"), Rose M. Gough ("Gough"), and Patricia L. Renfrow ("Renfrow") seek review of several agency decisions denying their claims to benefits under the Energy Employees Occupational Illness Compensation Program Act ("EEOICPA"), 42 U.S.C. §§ 7384-7385s-15. Because this Court lacks jurisdiction over some of these claims but not others, the Motion to Dismiss (DN 5) is GRANTED IN PART and DENIED IN PART.

**I.     STATEMENT OF FACTS AND CLAIMS**

EEOICPA was passed in 2000 as a statutory compensation scheme for workers who suffer or suffered the ill effects of exposure to radioactive substances at government weapons production facilities. The Department of Labor ("Department") administers the program. Under the compensation scheme, surviving children and spouses may qualify for benefits.

Louis Lanier was employed through a contractor at the Paducah Gaseous Diffusion Plant from 1951 to 1953. He died in 1991. His wife passed away in 2002.

In 2004, four of his children—who are Plaintiffs in this action—filed a claim for benefits under EEOICPA Part B and Part E. All of their claims were denied. In 2006, the Department

1

denied the Part E claims of Lanier, Gough, and Renfrow. (May 24, 2006 Final Decision, DN 5-3). The Department justified their denial because their age at their father's death disqualified them as "covered children" under the statute. *Id.* After determining the final sibling's correct address, the Department denied Cherry's Part E claim in 2007. (June 12, 2007 Final Decision, DN 5-4). Contemporaneously, the Department denied Plaintiffs' Part B claims because only evidence of non-covered occupational illnesses had been submitted. *Id.* While Plaintiffs' submitted sufficient evidence to support claims for thrombocytopenia, liver disease, and kidney disease, they lacked sufficient evidence supporting chronic beryllium disease ("CBD"). *Id.* While the latter is covered under Part B, the former conditions are not. 42 U.S.C. § 7384l. The Department's 2007 letter stated that the medical evidence did not support a diagnosis of CBD and that a 2004 request for additional evidence had gone unheeded. (June 12, 2007 Final Decision, DN 5-4).

Plaintiffs, through their authorized representative, sent a letter and Form EE-2 to the Department in 2010 seeking compensation for CBD. (Ex. A at 6-17, DN 6-1). Plaintiffs contend this application should have been treated as an initial claim as it was their first demand for compensation for CBD. The Department rejected Plaintiffs' contention concluding that because "no new medical evidence ha[d] been submitted, no further development [was] required." (Nov. 30, 2010 Letter, DN 10-2). The Department's letter indicated a diagnosis of CBD had been considered at the time of Plaintiffs' 2007 application but was found to be unsubstantiated. *Id.* Plaintiffs requested their claims be reopened in 2014, though that request was also denied. (June 27, 2014 Denial, DN 5-5).

## II.     STANDARD OF REVIEW

Plaintiffs claim this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 7385s-6(a), and 5 U.S.C. § 702, federal question jurisdiction and APA review, respectively. The Department has moved to dismiss all claims pursuant to Rule 12(b)(1) and 12(b)(6). Fed. R. Civ. P. 8 affords pleaders substantial leeway in their complaints. It is under this liberal standard that the Court must read the complaint.

Because EEOICPA Part B does not explicitly provide for judicial review, the Administrative Procedures Act ("APA") provides for judicial review of agency action on Part B determinations. *See Yatsko v. U.S. Dep't of Lab.*, 439 F. App'x 122 (3d Cir. 2011); *Hayward v. U.S. Dep't of Lab.*, 536 F.3d 376 (5th Cir. 2008); *Jordan v. U.S. Dep't of Lab.*, 352 F. App'x 187 (9th Cir. 2009); *Gomez v. United States*, 459 F. App'x 701 (10th Cir. 2012). As construed, actions under the APA are civil actions that must be "commenced against the United States . . . within six years after the right of action first accrues." 28 U.S.C. § 2401(a); *Sierra Club v. Slater*, 120 F.3d 623, 631 (6th Cir. 1997). "[A] right of action accrues at the time of 'final agency action.'" *Id.* (*citing* 5 U.S.C. § 704).

Part E determinations are reviewed under the standard provided for in the statute. *See Watson v. Solis*, No. 3:09-CV-131, 2010 WL 3781710, at *9-10 (E.D. Tenn. Sept. 21, 2010), *aff'd*, 693 F.3d 620 (6th Cir. 2012). Section 7385s-6(a) provides that actions must be filed within 60 days of final agency action.

> A person adversely affected or aggrieved by a final decision of the Secretary under this part may review that order in the United States district court in the district in which the injury was sustained, the employee lives, the survivor lives, or the District of Columbia, by filing in such court within 60 days after the date on which that final decision was issued a written petition praying that such decision be modified or set aside. The person shall also provide a copy of the petition to the Secretary. Upon such filing, the court shall have jurisdiction over the proceeding and shall have the power to affirm, modify, or set aside, in whole

> or in part, such decision. The court may modify or set aside such decision only if the court determines that such decision was arbitrary and capricious.

42 U.S.C. § 7385s-6(a). The judicial review provisions of the APA and EEOICPA provide limited waivers of the sovereign immunity to which a government agency would otherwise be entitled. *See Richwalder v. U.S. Dep't of Lab.,* No. 13-CV-325A, 2014 WL 5149701, at *6 (W.D.N.Y. Oct. 14, 2014); *Lane v. Pena*, 518 U.S. 187, 196 (1996). Filing a claim outside the applicable limitations period, however, deprives a plaintiff of this waiver, and a Court jurisdiction. Such claims are properly dismissed under Rule 12(b)(1) for lack of jurisdiction.

Under Rule 12(b)(6) this Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation omitted). "The defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Sixth Circuit considers "pleadings" broadly for purposes of Rule 12(b)(6) motions. "If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. At this preliminary stage in litigation, courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) (internal citation omitted) (citation omitted).

### III.  DISCUSSION

Plaintiffs' request for review of agency decisions is not altogether clear. In various documents, they appear to be requesting review of the 2006, 2007, 2010, and 2014 determinations. Their complaint specifically references the 2006, 2007, and 2014 decisions.

(Compl. ¶ 17, DN 1). Later filings suggest they seek review of the 2007, 2010 and 2014 actions. (Pl.'s Resp. to Mot. To Dismiss 9, DN 6 [hereinafter Resp.]). Plaintiff's Response specifically states they are not seeking review of any Part E claims although their Complaint specifically includes Part E claims. (Compl. ¶¶ 1-3, 6, DN 1). The Department contends Plaintiffs' counsel's confusion, or carelessness, is the result of filing multiple similar lawsuits with this Court. (Def.'s Reply to Pl.'s Mot. to Dismiss 6, DN 10 [hereinafter Reply]). Whatever the cause may be, any efficiencies gained from filing multiple, similar lawsuits should not come at the Court's (or claimants') expense. The Court will address all Plaintiffs' claims referenced in the Complaint and the 2010 request. While the Complaint does not specifically reference the 2010 letter, its language is broad enough to include this correspondence in Plaintiffs' claim for relief. Thus, the Court is compelled to address it along with the other actions sought to be reviewed.

### A. The 2006 and 2007 Claims are time-barred.

All 2006 and 2007 claims are barred by the applicable statute of limitations. As decisions concerning Part B benefits are reviewed under the APA review standard, its six year statute of limitations is applicable. EEOICPA Part E includes a statutory limitations period. Claims may be filed in District Courts "within 60 days after the date on which that final decision was issued. . . ." 42 U.S.C. § 7385s-6. This action, filed on August 25, 2014 (Compl., DN 1), is outside both limitations periods. This Court lacks jurisdiction to review the 2006 and 2007 agency actions.

### B. The 2014 denial to reopen is not a reviewable final agency action.

Plaintiffs seem to argue in their response that their 2014 request to reopen the 2006 and 2007 claims was either procedurally granted, or that the Department failed to follow their own procedures. In either case, Plaintiffs contend, they are entitled to judicial review. Their complaint

appears to be premised upon the belief that the 2014 denial is an independently reviewable final agency action. On all these contentions, Plaintiffs are incorrect.

Plaintiffs' argument relies on a narrow reading of the Department's regulations, and an unsupported logical inference. The regulations provide that a decision to reopen a claim is "solely within the discretion of the Director for Energy Employees Occupational Illness Compensation . . . ." 20 C.F.R. § 30.320(c). If the Director concludes reopening is warranted, however, "the Director will reopen the claim and return it to the district office for such further development as may be necessary . . . ." *Id.* § 30.320(b)(1). Plaintiffs infer that because the District Office denied their request to reopen, their case had already been transferred to the District office from the Director's office. Thus, they argue, their claim had been reopened and the denial of their request to reopen constituted a new decision on their original claim.

In fact, as Defendant notes, the Department delegated authority to reopen cases from the Director to the District Directors in an EEOICPA Bulletin dated November 6, 2008. EEOICPA Bulletin No. 09-01, Office of Workers' Comp. Programs, U.S. Dep't of Labor, http://www.dol.gov/owcp/energy/regs/compliance/PolicyandProcedures/finalbulletinshtml/EEOICPABulletin09-01.htm (last visited March 26, 2015). This delegation of authority seems to answer Plaintiffs' concerns regarding the Department's conformance with its policies and procedures. While Plaintiffs argue a typo in Defendant's citation should remove this Bulletin from the Court's consideration, the Court finds such a sanction unnecessary. The Department corrected its citation in a Motion to Strike and Substitute that was granted (DN 27) before Plaintiffs filed their Sur-Reply. Moreover, the Court was able to easily locate the cited document with a simple internet search for the document's title. The 2014 denial to reopen was neither in

contravention of the Department's procedures nor an inadvertent reopening of their claim. As such, neither serves as a basis to reset the limitations period from 2006 or 2007 to 2014.

Plaintiffs seek review of the 2014 decision as an independent "final agency action." No controlling opinions or federal appellate courts, however, have spoken on the finality of agency reopening decisions under EEOICPA. One district court has found requests to reopen EEOICPA claims "irrelevant to the finality of Defendant's denial . . . and his ability to seek judicial review." *Barrie v. U.S. Dep't of Labor*, 805 F. Supp. 2d 1140, 1142 (D. Colo. 2011). That court found the EEOICPA statute did not mandate exhaustion of administrative remedies before judicial review, and as such, requests to reopen had no effect. The general rule of administrative law would dictate that requests to reopen do not constitute "final agency action" triggering the availability of judicial review. 33 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 8344 (1st ed.). The reasons for such a rule are not abstract: "an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose [of a statutory limitations period] . . . ." *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

The Sixth Circuit has held, in a Social Security disability context, that judicial review of denials to reopen may only be maintained for colorable constitutional claims. *Cottrell v. Sullivan*, 987 F.2d 342 (6th Cir. 1992) (citation omitted). In this case, Plaintiffs have asserted no constitutional claims nor articulated reasons to depart from the general rule in the EEOICPA context.[1] Accordingly, this Court finds the denial of a request to reopen an EEOICPA claim does

---

[1] Plaintiffs do argue "[i]t is not proper for the [Department] to revise its obligation, policies, practices and requirements by issuing internal directives or revising its manual in a manner that changes its requirements and obligations as outlined in its enabling statute and in the regulations that control its conduct as published in the C.F.R.s." (Sur-reply 7, DN 28). They offer no citations or otherwise support this assertion. It is also unclear whether Plaintiffs intend to direct

not constitute final agency action. As such, the 2014 Letter is not reviewable and the decision that was the subject of that letter became final in 2007. That places it well outside the statute of limitations and, consequently, the jurisdiction of this Court.

### C. The 2010 CBD claim may be jurisdictionally proper.

Plaintiffs' Complaint does not specifically refer to the 2010 letter and Form EE-2. In their Response to the Motion to Dismiss, Plaintiffs refer to the 2010 correspondence, albeit in a concluding sentence, and in their Sur-Reply, Plaintiffs seem to argue from a position that the 2010 CBD claim was "argued in alternative." (Pl.'s Sur-Reply to Def.'s Mot. to Dismiss 6, DN 28). The Court does not view the 2010 correspondence as an alternative claim but, given the ruling below, will construe Plaintiffs' allegations to incorporate it so as to avoid the necessity of filing a new action. The Complaint does specify the claimant's case number, which was also included in the 2010 correspondence. Thus, even though the Complaint itself does not refer to the specific document, the Department was on notice that the 2010 communication could be at issue.

Plaintiffs contend the 2010 correspondence should be considered a new claim for benefits. According to Plaintiffs, this was the first time they filed any Form EE-2 to make a claim for benefits related to CBD. They cite to their authorized representative's affidavit for the proposition that this Form EE-2 should have been treated as an initial claim. (Resp. 4, DN 6). The Department counters that claims examiners have "the discretion to conclude that a new claim has been adjudicated in a prior determination under the EEOICPA . . . ." (Reply 5, DN 10)

---

this argument at the denial of the request to reopen, the 2010 CBD claim, or both. As applied to either argument, the assertion carries little weight in the absence of any supporting authority.

(citing Federal (EEOICPA) Procedure Manual, Chapter 2-1600.3a(1)).[2] That provision cites 20 C.F.R. § 30.300 as its enabling regulations, which in turn cites 42 U.S.C. § 7385s-10 among its enabling statutes. Section 7385s-10 charges the Secretary of Labor with administering the EEOICPA program.

The Regulations provide that a district office "will issue recommended decisions with respect to claims for entitlement under Part B and/or Part E of EEOICPA . . . ." 20 C.F.R. § 30.300. These regulations would qualify for an analysis under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). The Department's procedures give guidance concerning "When a Recommended Decision is Required" (Chapter 2-1600.3), "When a Claim is Submitted" (Chapter 2-1600.3a), and "the discretion to conclude that a new claim has been adjudicated in a prior determination . . . ." (Chapter 2-1600.3a(1)). Agency policies such as these are not entitled to the full deference afforded under *Chevron*. As the U.S. Supreme Court has held:

> Interpretations such as those in opinion letters—like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law—do not warrant *Chevron*-style deference. They are "entitled to respect," but only to the extent that they are persuasive, which is not the case here.

*Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000) (internal citations omitted). "The weight [to be given] [] the Department of Labor's interpretation 'will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it *power to persuade,* if lacking power to control.'" *Watson*, 693 F.3d at 624 (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)).

---

[2] Office of Workers' Comp. Programs, U.S. Dep't of Labor, EEOICP Procedure Manual, http://www.dol.gov/owcp/energy/regs/compliance/PolicyandProcedures/proceduremanualhtml/unifiedpm/Unifiedpm_part2/Chapter2-1600RecommendedDecisions.htm (last visited March 24, 2015).

While Plaintiffs have offered only paltry support for the proposition that a CBD claim must be treated as an initial claim despite earlier agency consideration, the Department's self-granted discretion is not controlling. Even if the agency has properly exercised its discretion in determining the 2010 CBD claim had been adjudicated in conjunction with the earlier claims, it is not clear to this Court that the earlier date should apply for purposes of the statute of limitations. Because the 2010 correspondence may properly be considered a new claim, any Part B claims that correspondence initiated may be within the APA's six-year statute of limitations. Accordingly, the Court finds dismissal on jurisdictional grounds inappropriate at this time.

## IV. CONCLUSION

The Department's 2006 and 2007 decisions were final and judicially reviewable agency actions. Because both are outside the statute of limitations of Part E and the APA, this Court lacks jurisdiction to review these decisions. The 2014 denial of the request to reopen is not a final agency action that is reviewable by this Court, so this claim must also be dismissed on jurisdictional grounds. Plaintiffs' 2010 correspondence with the Department, however, is within the temporal waiver of sovereign immunity granted in the statute of limitations. The motion to dismiss pursuant to Rule 12(b)(1) regarding this claim is denied at this time without prejudice to its renewal in the future. Accordingly, the Motion to Dismiss (DN 5) is **DENIED** with respect to the 2010 correspondence, but **GRANTED** with respect to the 2006, 2007, and 2014 agency determinations.

Greg N. Stivers, Judge
United States District Court

April 10, 2015

cc: counsel of record