UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:14-CV-168-GNS

ROBERT F. LANIER, KATHY L. CHERRY,
ROSE M. GOUGH, and PATRICIA L. RENFROW                                            PLAINTIFFS

v.

U.S. DEPARTMENT OF LABOR                                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiffs (collectively "Lanier") have filed a motion to alter or amend the Court's previous opinion denying judicial review of a request to reopen an administrative proceeding and dismissing that claim. Fully briefed, the motion is ripe for disposition. Because the Court finds the grounds for reconsideration lacking, the motion (DN 32) is **DENIED.**

**I.        STATEMENT OF FACTS AND CLAIMS**

Plaintiffs filed several claims for compensation under the Energy Employees Occupational Illness Compensation Program Act ("EEOICPA"), 42 U.S.C. §§ 7384 to 7385s-15. That program is designed to offer compensation to government employees or contractors that suffered ill effects from exposure to radiation at government sites. The Department of Labor ("Department") administers the program. Plaintiffs' original claims were construed to request review of 2006, 2007, 2010, and 2014 Department determinations. (*See* Memo. Op. & Order 4-5,

1

DN 31). In addressing a Motion to Dismiss (DN 5), this Court concluded the 2006 and 2007 determinations were time-barred and that the 2014 determination was not a reviewable final agency action. (*See generally* Memo. Op. & Order, DN 31). The 2010 determination, however, survived the motion to dismiss. *Id.* Plaintiffs now seek reconsideration of that opinion and ask the Court to deny the motion to dismiss in its entirety.

## II.     STANDARD OF REVIEW

Fed. R. Civ. P. 54(b) instructs that a Court may enter "final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Because this Court's previous opinion did not make this determination, both parties agree Rule 54 is the proper rule under which this motion should be considered. "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citation omitted). Relief from interlocutory orders is available whenever justice requires, though "[t]raditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* (citation omitted). While the Court may modify interlocutory orders in any ongoing proceedings, a party may not appeal such an order unless given express permission under Rule 54 or upon entry of a final judgment.

## III.     DISCUSSION

Lanier spends significant portions of his briefs reasserting and citing additional authority for previous arguments. This ruling declines to readdress the arguments concerning Plaintiffs' timely filing of the request to reopen and additional case law (available before the Court's previous ruling) that Plaintiffs argue support judicial review of EEOICPA reopening decisions.

> A motion for reconsideration is not a vehicle to reargue the case or to present evidence which should have been raised in connection with an earlier motion. "[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"
> Nor is a motion for reconsideration properly grounded on a request that a court rethink a decision already made. When a motion for reconsideration raises only a disagreement by a party with a decision of the court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument."

*Beamer v. Bd. of Crawford Twp. Trs.*, No. 2:09-CV-213, 2010 WL 1253908, at *2 (S.D. Ohio Mar. 24, 2010) (internal citations omitted).

Plaintiffs also argue a change in controlling law mandates reconsideration. Their memorandum in support of the motion asserts the ruling is contrary to *Perez v. Mortgage Bankers Ass'n*, 135 S. Ct. 1199 (2015), which was decided after this Court's previous ruling issued. Plaintiffs' reply emphasizes the *Perez* court's explanation of long-established administrative law. (*See* Reply to Mot. to Alter or Amend 3, DN 36) ("Rules issued through the notice-and-comment process are often referred to as 'legislative rules' because they have the 'force and effect' of law." *Perez*, 125 S. Ct. at 1204 (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 302-03 (1979)). Plaintiffs' argument is not clearly explained, but to the extent they argue the regulations at issue should be afforded deference, they are likely correct. It is unclear how such deference furthers their position. To the extent they argue changes in the Department's regulations are invalid because they did not adhere to the notice-and-comment process, *Perez*'s holding suggests otherwise.

In either case, this Court's reading of *Perez* does not support Lanier's position. The cited portions of the opinion do not reflect a change in controlling law. The *Perez* Court held that a D.C. Circuit judicial doctrine which forced agencies to reinterpret rules through formal notice-and-comment process was invalid under the Administrative Procedure Act, 5 U.S.C. § 500 *et*

3

*seq*. This ruling makes it easier—not more difficult—for agencies to change their interpretive rules, which works against Plaintiffs' position here. Lanier's reliance upon the basics of administrative law recited in that opinion does not change this. *Perez* is irrelevant to Plaintiffs' claims.

Plaintiffs also argue the Court's previous ruling committed a clear error of law in ruling that *Kucana v. Holder*, 558 U.S. 233 (2010), does not control. This case is cited nowhere in the Court's previous opinion. Plaintiffs' counsel may have confused this case with others he is handling before this Court. In opposing a motion to dismiss in *Berry v. U.S. Department of Labor*, No. 5:14-CV-228-GNS-LLK, 2015 WL 3607650 (W.D. Ky. June 8, 2015), Plaintiffs' counsel argued *Kucana* supported the conclusion that denials of requests to reopen EEOICPA claims were subject to judicial review. In rejecting that analogy, this Court drew a distinction between sources of the right to reopen. In *Kucana* (asylum requests), the reopening was granted by statute. In the EEOICPA context, it is granted by regulation. Thus, *Kucana* did not dictate EEOICPA reopening determinations be subject to judicial review in *Berry*. Should this Court have been asked to consider *Kucana* in this case, the same distinction would have applied. There was no clear error and this serves as no basis to reconsider the previous order.

Finally, Plaintiffs' counsel argues manifest injustice will result should the Court's reopening ruling is not vacated because the Department has been citing the ruling in other EEOICPA cases. Citation of the ruling in other cases represents no injustice to Lanier, even if it has adverse effects for claimants in other cases. This presents no manifest injustice requiring reconsideration.

4

## IV.     CONCLUSION

For the foregoing reasons, the Court concludes Lanier has presented no grounds for reconsideration of an order under Rule 54(b). Accordingly, Plaintiffs' Motion for Reconsideration (DN 32) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
July 27, 2015

cc:     counsel of record